UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MATTHEW NUNNERY                                    CIVIL ACTION

versus                                                     NO. 06-7397

WARDEN LYNN COOPER                     SECTION: "R" (6)

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Matthew Nunnery, is a state prisoner incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana. On July 27, 2001, he pleaded guilty to forcible rape in violation of Louisiana law.[2] On that same date, he was sentenced to term of twelve of years imprisonment, with the first two years of that sentence to be served without benefit of parole, probation, or suspension of sentence.[3]

On February 1, 2006, petitioner filed with the state district court a motion for discovery.[4] When he failed to receive a ruling on that motion, he filed with the Louisiana Fourth Circuit Court of Appeal an application for a writ of mandamus.[5] On May 30, 2006, the Court of Appeal construed that application as one for a supervisory writ and denied relief on the ground that petitioner's motion for discovery was untimely.[6]

On July 26, 2006, petitioner filed the instant federal application for *habeas corpus* relief.[7] In support of his application, petitioner asserts the following claims:

---

[2] State Rec., Vol. I of II, minute entry dated July 27, 2001; State Rec., Vol. I of II, guilty plea form.

[3] State Rec., Vol. I of II, minute entry dated July 27, 2001.

[4] State Rec., Vol. II of II. In his related application for a writ of mandamus, petitioner alleged that his motion for discovery was filed on February 1, 2006. State Rec., Vol. II of II. For the purposes of this decision, the Court will accept that allegation as true.

[5] State Rec., Vol. II of II.

[6] State v. Nunnery, No. 2006-K-0595 (La. App. 4th Cir. May 30, 2006) (unpublished); State Rec., Vol. II of II.

[7] Petitioner filed this application with the United States District Court for the Western District of Louisiana; however, the matter was subsequently transferred to this Court.

      1.     Petitioner's guilty plea was unlawfully induced and involuntary;

      2.     Petitioner's right against self-incrimination was violated;

      3.     Petitioner received ineffective assistance of counsel; and

      4.     Petitioner was denied the right to appeal his conviction.

The state contends that petitioner's federal application is subject to dismissal both because he has not exhausted his state court remedies and because it is untimely.[8] The state is correct.

### Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

Petitioner does not indicate in his federal application that he sought review of his instant claims by the Louisiana Supreme Court,[9] and the state court record submitted for this Court's

---

[8] Rec. Doc. 11.

[9] To the contrary, petitioner indicates that he has not presented his claims in any of the state's courts. Rec. Doc. 5, p. 5, answer to Question No. 13.

– 3 –

review includes no Louisiana Supreme Court filings or rulings. Additionally, a staff member of this Court contacted the Louisiana Supreme Court's Office of the Clerk of Court by telephone on March 10, 2008, and was informed that the court's computerized database showed that no writ applications of any kind have been filed by petitioner in that court regarding the instant conviction or sentence. Therefore, the state is correct in arguing that petitioner's federal application is subject to dismissal on the ground that he failed to exhaust his state court remedies prior to seeking relief in federal court.

However, as noted, the state also argues that petitioner's federal application is untimely. For the following reasons, this Court agrees and recommends that petitioner's federal application be dismissed with prejudice on that basis.

### Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[10]

As noted, on July 27, 2001, petitioner pleaded guilty and was sentenced. Because he did not file a direct appeal within the five days allowed by state law, his conviction and sentence

---

[10] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

became final no later than August 3, 2001.[11]  Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), the period that petitioner had to file his application for federal *habeas corpus* relief with respect his state criminal judgment commenced on that date and expired one year later, i.e. on August 5, 2002,[12] unless that deadline was extended through tolling.

The Court first considers statutory tolling.  The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  28 U.S.C. § 2244(d)(2).  However, petitioner had no applications attacking this conviction or sentence pending before any state court at any time from August 3, 2001, through August 5, 2002.

---

[11]  See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal).  At the time of petitioner's conviction in 2001, La.C.Cr.P. arts. 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal a conviction or sentence. In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays. La.Rev.Stat.Ann. § 1:55(A).  In 2001, July 28 was a Saturday and July 29 was a Sunday; therefore, out of an abundance of caution, this Court will not count those two days against petitioner when calculating the date his conviction became final.
   The Court also notes that, subject to certain exceptions, a guilty plea normally results in a waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. See State v. Crosby, 338 So.2d 584 (La. 1976).  In this case, however, the Court need not decide whether petitioner had a right to appeal his conviction pursuant to La.C.Cr.P. art. 914, in that his application for federal *habeas corpus* relief is untimely regardless of whether his conviction was final upon the expiration of the time within which to notice an intent to appeal (August 3, 2001) or upon his plea (July 27, 2001).

[12]  Because August 3, 2002, fell on a Saturday, the AEDPA's statute of limitations was extended until the end of the following Monday, August 5.  See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, or a legal holiday, the period runs until the end of the next day that is not one of those days).

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  Petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief challenging this conviction had to be filed on or before August 5, 2002, in order to be timely.  Petitioner's federal application was not filed until July 26, 2006,[13] and it is therefore untimely.

### RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Matthew Nunnery be **DISMISSED WITH PREJUDICE**.

---

[13] Petitioner signed his application on July 26, 2006.  Rec. Doc. 5.  That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes.  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __10th__ day of March, 2008.

_____
**LOUIS MOORE, JR.**
**UNITED STATES MAGISTRATE JUDGE**